[Cite as *State v. Wiggins*, 2014-Ohio-4965.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

STATE OF OHIO

     Plaintiff-Appellee

v.

HERBERT WIGGINS

     Defendant-Appellant

Appellate Case No.    26041

Trial Court Case No.   2012-CR-1999

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

## O P I N I O N

Rendered on the 7th day of November, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

JEFFREY T. GRAMZA, Atty. Reg. No. 0053392, 131 North Ludlow Street, Suite 1210, Dayton, Ohio 45402
     Attorney for Defendant-Appellant

HERBERT A. WIGGINS, Inmate No. 667-580, Chillicothe Correctional Institution, P.O. Box 7010,

Chillicothe, Ohio 45601
        Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1}     Upon the filing of an *Anders* brief in this case, we are asked to decide whether the record indicates any potential assignments of error having arguable merit.   A thorough and independent review of the entire record, as required by *Anders v. California*, 386 U.S. 738, 87 S.Ct.1396, 18 L.Ed2d 493 (1967), reveals no meritorious issues for appellate review. Accordingly, the judgment of the trial court will be affirmed.

{¶ 2}     On June 19, 2014, appellate counsel for Appellant, Herbert Wiggins, filed a brief under the authority of *Anders v. California*, indicating that he could not find a potential assignment of error having arguable merit.   On June 25, 2014, Wiggins was granted 60 days to file a pro se brief assigning any errors for review by this court. Wiggins did not file a brief. Subsequently, on September 11, 2014, the State filed a motion to submit the appeal for decision on the merits because Wiggins had failed to file a brief.    Our task then, was to conduct an independent review of the record to determine if any potential assignment of error, having arguable merit, existed.

{¶ 3}     The record indicates that Wiggins was indicted on two counts of Murder with firearms specifications, one count of Having Weapons Under Disability, and one count of Illegal Possession of a Firearm in a Liquor-Permit Premises.

{¶ 4}     The parties began a jury trial on December 9 and 10, 2013.   After the State's first witness completed his testimony, Wiggins informed the court that he wished to enter a plea of guilty as charged, pursuant to a plea bargain that included an agreed aggregate prison sentence

of eighteen years to life. The court then conducted an extensive and thorough plea colloquy. During the colloquy, the trial court advised Wiggins that by entering a plea of guilty, he was waiving his right to appeal the court's rulings on pretrial motions. Wiggins expressed to the court that he understood all of the information and wished to enter a plea of guilty. The trial court subsequently accepted Wiggins' plea of guilty to the charges contained in the indictment.

{¶ 5} After accepting the plea, the trial court merged the Murder counts and proceeded to sentencing. The trial court considered Wiggins' pre-sentence investigation from a prior case, Montgomery County Common Pleas Court Case No. 2011 CR 3482, for which Wiggins was already serving a prison term. Wiggins also waived a new pre-sentence investigation. The trial court then sentenced Wiggins in accordance with the agreement, to an aggregate sentence of eighteen years to life, to be served concurrently with the sentence he was serving as a result of Case No. 2011 CR 3482. At the time of his plea and sentence, Wiggins was represented by legal counsel.

{¶ 6} Although Wiggins' appellate counsel did not identify any error of the trial court prejudicial to Wiggins or any potentially meritorious issue that might be argued, he did request this court to consider several potential assignments of error.

{¶ 7} The first potential assignment of error is whether the trial court erred in failing to comply with the requirements of Crim.R. 11 in conducting the plea colloquy and in accepting the guilty pleas. The trial court clearly satisfied all such requirements. The transcripts demonstrate that Wiggins knowingly, intelligently, and voluntarily entered pleas of guilty to the indictment, and that the proceedings were in compliance with applicable law.

{¶ 8} The second potential assignment of error is whether the trial court erred in

imposing a sentence upon Appellant that was contrary to law or that constituted an abuse of discretion. The record demonstrates that the trial court imposed the sentence that was jointly recommended by the parties and was in accordance with law.

{¶ 9}    Finally, the third potential assignment of error is whether Appellant was denied his constitutional right of effective assistance of counsel.   We have thoroughly reviewed the record and there is no indication that Wiggins was denied this right.

{¶ 10}    Under *Anders v. California*, we have an independent duty to review the record to determine if there are any potential assignments of error having arguable merit. The court has reviewed the entire record, including the transcripts of the motion to suppress, partial jury trial, plea hearing, and sentencing.   We note that when Wiggins entered a plea of guilty, the trial court specifically informed Wiggins that his plea of guilty would waive his right to appeal his pre-trial motions.

{¶ 11}    Based on our review, we find no potential assignments of error having arguable merit.   Accordingly, we affirm the judgment of the trial court.

. . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

Copies mailed to:

Mathias H. Heck
Carley J. Ingram

Jeffrey T. Gramza
Herbert Wiggins
Hon. Steven K. Dankof